DECISION AND JOURNAL ENTRY
{¶ 1} Thomas Rogers appeals from the Medina County Court of Common Pleas, which sentenced him to a period of incarceration rather than community control. We affirm.
 {¶ 2} The State indicted Mr. Rogers for six counts of non-support of dependants in violation of R.C. 2919.21(B), fifth degree felonies. Mr. Rogers pled no contest. The trial court accepted this plea, found Mr. Rogers guilty of all counts, and sentenced him to six months incarceration, with all counts running concurrently. Mr. Rogers timely appealed, asserting a single assignment of error.
 Assignment of Error
"The trial court erred by failing to satisfy the statutory obligation to consider whether community control sanctions would have been consistent with the purposes and principles of felony sentencing as set forth in ohio revised code § 2929.11."
 {¶ 3} Mr. Rogers alleges that the trial could erroneously imposed a felony sentence of incarceration without considering two requisite R.C. 2929.12(C) factors which are favorable to him: that he caused no physical harm and that his conduct could have been mitigated. Moreover, had these factors been applied, then "he is a fine candidate for community control sanctions." From this, Mr. Rogers argues that his sentence should be reversed. We disagree.
 {¶ 4} On review of felony sentencing decisions, an appellate court must affirm the decision unless it "clearly and convincingly finds" that either the record does not support the sentence or the sentence is contrary to law. R.C. 2953.08(G)(2);State v. Neptune (Nov. 14, 2001), 9th Dist. No. 3171-M, at *2-3, 2001-Ohio-1768. Upon review of the record in the present case, we find that the trial court articulated its bases for imposing the sentence in both the record of proceedings and the sentencing order. While Mr. Rogers would like this Court to find his favorite factors to be dispositive, we find no support for such an extension of the statute. Based on the foregoing, we cannot conclude that Mr. Rogers' sentence is unsupported by the record or contrary to law. See Neptune, supra. The assignment of error is overruled.
 {¶ 5} Mr. Rogers' assignment of error is overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. concur.